IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.                                       No. CV 13-0966 RB/LAM
                                              CR 10-3160 RB

**MARIO DEVONNE WASHINGTON,**

      **Defendant/Movant.**

# ORDER

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") *Motion to Amend the Memorandum of Law in Support of the Petition for Writ of Habeas Corpus (Doc. 5)*; ***Motion to Appoint Counsel** (Doc. 22)*; and three motions for discovery -- *Motion to Produce (Doc. 4)*; *Motion for Order Allowing Payment for the Transcripts at Government Expense (Doc. 18)*; and **Motion to Compel** *(Doc. 23).*  Having considered the motions and record of the case, the Court **FINDS** that *Doc. 5* shall be **GRANTED**, and that *Docs. 4*, *18*, *22* and *23* shall be **DENIED without prejudice**.

Defendant asks to amend his memorandum of law in support of his § 2255 motion to submit information related to his appeal to the Tenth Circuit in his underlying criminal case. [*Doc. 5*].  Defendant filed the addendum as [*Doc. 6*].  No response to the motion has been filed and the time for doing so has passed.  Therefore, the Court finds that this motion is well-taken and shall be granted.

Defendant requests the appointment of counsel in this proceeding [*Doc. 22*]; however, there is generally no federal constitutional right to counsel in a proceeding brought under

28 U.S.C. § 2255.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today.") (citation omitted).  "Except when the district court determines that an evidentiary hearing is required, the decision to appoint counsel is left to the sound discretion of the district court."  *United States v. Moya-Breton*, No. 11-4116, 2011 WL 4448857, 439 Fed. Appx. 711, 716 (10th Cir. Sept. 27, 2011) (unpublished) (citation and internal quotation marks and brackets omitted).  As there is no need for an evidentiary hearing in this case at this time, the Court finds that appointment of counsel is unnecessary, and the Court will deny Defendant's motion to appoint counsel without prejudice.

Defendant also seeks discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  [*Doc. 4*]; *see also* [*Docs.18* and *23*].  Rule 6 states that the Court may, for good cause, authorize a party to conduct discovery, and the Tenth Circuit has explained that "good cause is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief."  *Moya-Breton*, 439 Fed. Appx. at 715-16 (citation and internal quotation marks and brackets omitted).  Here, Defendant states that he needs the discovery to obtain information regarding a phone that Defendant alleges "is solely the single piece [of evidence] that was used to tie the Conspiracy to [Defendant,]" and that the phone "likely either does not even exist, or is not in any condition to even be traced using the GPS technology allegedly used to locate the phone."  [*Doc. 23* at 2].  The Court finds that this does not establish good cause for discovery at this time because Defendant's discovery requests are not tailored to information regarding the phone and, moreover, Defendant fails to state with any specificity how

the discovery may develop facts to support his allegations. The Court, therefore, finds that Defendant does not explain how the facts that may be developed through the requested materials would entitle him to relief. Accordingly, the Court will deny Defendant's motions for discovery without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Amend the Memorandum of Law in Support of the Petition for Writ of Habeas Corpus (Doc. 5)* is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Produce (Doc. 4)*; *Motion for Order Allowing Payment for the Transcripts at Government Expense (Doc. 18)*; *Motion to Appoint Counsel (Doc. 22)*; and *Motion to Compel (Doc. 23)* are **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**